## WASHBURN & MOEN MANUF'G CO. v. RELIANCE MARINE INS. CO.

(Circuit Court, D. Massachusetts. March 1, 1895.)

### No. 356.

MARINE INSURANCE—ACTION ON POLICY—ALLEGATION OF TOTAL LOSS.

A declaration alleging a total loss, and claiming recovery therefor, also alleged abandonment to the insurer, and that the loss amounted to more than one-half of the whole value declared in the policy, but did not allege that the loss amounted to less than the whole value. *Held,* that the allegations of abandonment and amount of loss were merely immaterial, and not ground for a demurrer, assigning as causes for demurrer only that the declaration was double, repugnant, ambiguous, and multifarious, and that such demurrer did not present the question whether, under a declaration for a total loss, plaintiff could recover for a constructive total loss.

This was an action by the Washburn & Moen Manufacturing Company against the Reliance Marine Insurance Company on a policy of insurance. Defendant demurred to the declaration.

The declaration contained two counts, as follows:

First Count. And the plaintiff says the defendant company made to it a policy of insurance, in the sum of forty-eight thousand eight hundred dollars ($48,800), on the cargo of wire on board the schooner Benjamin Hale, valued at said sum; said insurance being against the perils of the sea, and other perils therein mentioned, at and from Boston to Galveston or Velasco, Texas. A copy of said policy is hereto annexed, marked "A," and made a part of this declaration. That while the said schooner Benjamin Hale was proceeding on said voyage, with said cargo on board, she struck a rock, filled with water, and sank, and the said cargo of wire became totally lost, by perils insured against. That while the said schooner, with the said cargo of wire on board, was in peril, the said plaintiff duly abandoned the said cargo to the said defendant company, on April 29, 1893, being the date when the plaintiff first heard of said loss. That the loss of the said cargo by perils insured against amounted to more than one-half of the whole value of said cargo, as declared in said policy, and that the plaintiff is entitled to recover a total loss. The defendant company had due notice and proof of loss of said cargo April 29, 1893. The defendant company was bound, by the terms of said policy, to pay the plaintiff the sum of forty-eight thousand eight hundred dollars ($48,800) within thirty (30) days from said date, and the defendant company owes the plaintiff the said sum of money.

Second Count. And the plaintiff duly demanded said sum of the defendant company on May 29, 1893, and the said defendant company owes the plaintiff, for interest to the date of the writ, the sum of nine hundred and seventy-six dollars ($976).

The demurrer was as follows:

And now comes the defendant in the above-entitled case, and demurring to the plaintiff's declaration, as amended, says that the said declaration and the matters therein contained, in manner and form as the same are stated and set forth, are not sufficient in law for the plaintiff to have his action against the defendant, for that the first count in said declaration is double, repugnant, ambiguous, and multifarious, in that it does not clearly state whether the plaintiff claims to recover of the defendant by reason of an absolute and actual total loss, or by reason of a constructive total loss, of the goods insured; and also for that if the plaintiff intends by said first count to recover against the defendant for a constructive total loss, by reason of the loss of more than half of the whole value of said cargo, and of the abandonment

thereof, as the plaintiff says in said first count, and as the defendant is advised and believes, then it appears by said first count, and by the terms of the policy set forth therein, that the plaintiff is not legally liable for such constructive total loss of the cargo insured, or otherwise; and also for that it appears by the policy set forth in said first count that the plaintiff is entitled to recover thereunder only for an actual total loss and destruction of all the goods insured, or for the actual total loss and destruction of a part of said goods, and neither such actual total loss and destruction of the whole, nor such actual total loss and destruction of a part, is properly averred in said first count.

And, demurring to the second count in said declaration, the defendant says that the same is not sufficient in law, for that the interest claimed in said second count is due only upon the obligation declared on in said first count and is wholly dependent thereon; wherefore, unless the said first count is sustained, the second falls with it.

Wherefore, for want of a sufficient declaration, the defendant prays judgment.

Eugene P. Carver, for plaintiff.

Lowell, Stimson & Lowell, for defendant.

PUTNAM, Circuit Judge. The court has scrutinized this record anxiously, hoping to be able to dispose of the point which the defendant has sought to raise, but it is unable to do so. The causes of demurrer assigned are that certain portions of the declaration are double, repugnant, ambiguous, and multifarious. The difficulty the court finds is that the parts to which the demurrer relates are merely inconsequential and immaterial, and therefore cannot, in the view of the law, result in duplicity, repugnancy, ambiguity, or multifariousness. The declaration alleges that the cargo of wire became a total loss, by the perils insured against, and also that the plaintiff is entitled to recover for a total loss. The latter allegation has a proper relation to the first. Interjected between these is one that the cargo was abandoned, and also an allegation as follows: "That the loss of the said cargo, by perils insured against, amounted to more than one-half of the whole value of said cargo, as declared in said policy." If, in lieu of this, it had been alleged that the loss amounted to more than one-half of, but less than, the whole value; that there had been an abandonment; and that, therefore, the plaintiff was entitled to recover a total loss, under the policy, —the case might have been other than it is. As there has been no cause of demurrer assigned for mere immateriality, the demurrer cannot be sustained. Any views which the court might now express touching the claim that, under the allegation of a total loss, the plaintiff cannot recover for a constructive total loss, would not relate to any issue now before us, and would not, therefore, be binding at the trial on the judge who may preside at that time. Therefore, while, according to the rules of the common law, under a declaration for a total loss a claim for a constructive total loss can be recovered, the court would not be justified in now passing on the question, as it arises under the statutes of Massachusetts. So far as the demurrer is concerned, the second count follows the first.

It may be that by a special answer, or otherwise, the defendant can compel the plaintiff to meet the issue which it seeks to raise in advance of the trial of the facts; but the court cannot take cog-

nizance of the attempt to do so, as the case now stands. Demurrer overruled; defendant to answer on or before the 11th day of March next; costs to abide the result.